IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LODGENET INTERACTIVE
CORPORATION,

   Plaintiff/Counter-Defendant,

v.                                                    CIV 11-086-GBW-LFG

SANTA FE PICACHO HOTEL
MANAGEMENT CORPORATION,

   Defendant/Counter-Claimant.

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendant/Counter-Claimant Santa Fe

Picacho Hotel Management Corporation ("Defendant")'s Motion for Partial Summary

Judgment ("the Motion" or "Defendant's Motion").  *Doc. 46.*

The case addresses a contract dispute between Plaintiff/Counter-Defendant

Lodgenet Interactive Corporation ("Plaintiff") and Defendant.  *Doc. 1* at 1; *doc. 13* ¶¶ 34-

57.  Defendant manages hotels, including Hotel Albuquerque.  *Doc. 1* at 3; *doc.  46* at 1

n.1.  Plaintiff provides electronic entertainment services to hotel rooms.  *Doc. 1* at 1; *doc.

46* at 2.  The parties entered into a contractual relationship according to which Plaintiff

would provide entertainment services to rooms in two of Defendant's hotels.  *Doc. 1* at

3.  Each party asserts that that the other breached its contractual obligations and owes

damages.  *Doc. 1* at 1; *doc. 13* at 12-15.

The Motion addresses one hotel, Hotel Albuquerque ("the hotel"), and one contract, the SigNETure Agreement ("the contract" or "the SigNETure Agreement"). [1] *Doc. 46* at 1, 14.  Under the contract, Plaintiff sold services to Defendant that allowed the hotel's guests to purchase on-demand video and video game services; guests paid a separate charge per video or video game to receive the content on the televisions in their hotel rooms.  *Doc. 13* at 14; *doc. 46*, Ex. B at 7.  Defendant asks the Court to find that Defendant did not breach the contract when Defendant stopped accepting and paying for Plaintiff's services, but rather that Plaintiff breached the contract, and that Defendant then properly terminated the contract.  *Doc. 46* at 2, 14.  The termination clause provides in relevant part: "If . . . either party shall fail to perform any material obligations under this Agreement, . . . such failure . . . shall constitute a default hereunder.  If any default hereunder is not remedied within thirty (30) days . . . following written notice of such default to the defaulting party, the non-defaulting party may terminate this Agreement."  *Doc. 46*, Ex. B, § 8.3.  Therefore, to establish proper termination under this clause, Defendant must show (1) Plaintiff failed to perform a material obligation under the Agreement; (2) Defendant gave Plaintiff notice of the failure; and (3) Plaintiff failed to remedy the failure within thirty days of the notice.  Consequently, to prevail on its Motion, Defendant must show that no reasonable jury could find against them on any of these three elements.

---

[1] The parties refer to the relevant contract using the terms "guest-pay contract" and "SigNETure Agreement" interchangeably.  *Doc. 46* at 4; *doc. 47* at 2.

2

Defendant spends much time addressing elements (2) and (3).  However, Defendant fails to meet its summary judgment burden as to Plaintiff's alleged failure to perform a material obligation.  The Court will therefore deny the Motion.

**Legal Standards for Summary Judgment**

Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record], together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.") (internal quotation marks omitted).  Once the movant meets this burden, Rule 56(c) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  *See Celotex Corp.*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.  An issue of fact is 'material' if under the

substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (internal citation omitted). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . affidavits . . . [and] interrogatory answers." Fed. R. Civ. P. 56(c)(1)(A).

When reviewing a motion for summary judgment, the court should keep in mind three principles. First, the court's role is not to weigh the evidence, but to assess the threshold issue whether a genuine issue exists as to material facts requiring a trial. *See Liberty Lobby*, 477 U.S. at 249. Second, the court must resolve all reasonable inferences and doubts in favor of the non-moving party, and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie*, 526 U.S. 541, 550–55 (1999). Third, the court cannot decide any issues of credibility. *See Liberty Lobby*, 477 U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Anderson*, 477 U.S. at 257.

**Undisputed Facts**

1.  Plaintiff is a Delaware corporation, Defendant is a New Mexico corporation, and the amount in controversy exceeds $75,000. *Doc. 1* at 2; *doc. 12* at 1.

2.  The parties executed the contract in 2006. *Doc. 46* at ¶ 1; *doc 47* at 2.

3.  Plaintiff drafted the contract. *Doc. 46* at ¶ 7; *doc. 47* at 4.

4.  The Hotel Albuquerque has 188 rooms. *Doc. 47* at ¶ 3; *doc. 50* at 8).

5.   The contract's service quality provision, subsection 4.1,[2] states as follows:

Plaintiff "shall maintain the . . . [s]ystem in satisfactory operational

condition[,] . . . make all necessary repairs and replacements at its own expense.

[Plaintiff] agrees to maintain a quality signal for the . . . Programming at the Premises;

provided , however, that [Plaintiff] shall not be responsible for the loss, interruption or

poor signal quality . . . for reasons beyond [its] control."  *Doc*. 46, Ex. B at 3.

6.   The contract's termination provision, subsection 8.3, states:

> If . . . either party shall fail to perform any material obligation
> under this Agreement . . . such failure or default shall constitute a default
> hereunder.  If any default hereunder is not remedied within thirty (30)
> days . . . following written notice of such default . . . . the non-defaulting
> party may terminate this Agreement.

*Doc. 46*, Ex. B at 3.

7.      Between July 8, 2008 and February 27, 2009, counsel for Defendant wrote

several letters to Plaintiff's counsel seeking to discuss issues with the services provided

by LodgeNet. *Doc. 46*, Ex. B at 11, Ex. D at 14-17.

---

[2] In Answers to Plaintiff's First Set of Interrogatories, Defendant claims a breach of other portions of the Agreement.  *Doc. 46*, Ex. C at 4 (referencing sections 4.1, 4.2, 5.5, 9.1, 9.5, and 19.2).  Having reviewed those sections, the Court cannot understand, and Plaintiff has not identified in the summary judgment pleadings, how Plaintiff is alleged to have failed to perform a material obligation imposed by those sections of the Agreement based upon the facts as presented by Defendant.

**Alleged Breach**

Defendant asserts that it "experience[ed] chronic service issues," and that it then requested Plaintiff's assistance.  *Doc. 46* at ¶ 8.  Defendant contends that it "continued to experience increasing service and billing issues provided by [Plaintiff] . . . including [SigNETure]  services."  *Doc. 46*, Ex. C at 2.  Defendant claims that, between May 2006 and January 2009, the following problems were experienced:

> There were 117 total billing adjustments due to LodgeNet system issues in 2008, with an average of 10 such adjustments per month.  These totaled approximately $1,700.00 in billing reversals in favor of the hotel guest.  The system shuts off unexpectedly during a movie showing and the guest is unable to restart the movie.  At times the guest would be billed without the guest having the opportunity to view the purchased movie.  The system would fail in terms of the "pause" feature by which the guest was to have the ability to pause the movie for up to 24 hours, but upon pausing, the guest would lose the queued movie and be forced to purchase it again to re-start it.  Chronic picture quality and sound quality issues, including snowy or fuzzy picture and poor sound.  Guests were confused about ordering an often inadvertently ordered a movie when they thought they were viewing a free preview.

*Id*. at 2-3.  While Defendant did not identify in its summary judgment briefing which "material obligation" under the contract that these problems breached, the Court's own review leaves only one possibility which is the Section 4.1 quoted above.[3]  *Doc*. 46, Ex. B at 3.  Therefore, to establish that it is entitled to summary judgment on the basis of

---

[3]   When pressed at oral argument, Defendant's counsel argued that the summary judgment motion also asserted that Plaintiff failed to properly respond to Defendant's complaints about the service. Mot. H'rg, Jan. 17, 2012 at 2:25 p.m.  He argued that these failures, even assuming no underlying problem, would implicitly constitute a breach of Section 8.3 of the contract. *Id.* at 2:30.  The Court finds that a plain reading of Section 8.3 does not yield such a result.  As Defendant did not brief this theory in its Motion or Reply, and, as it bears the burden as movant, counsel's oral argument standing alone is insufficient to present it as a basis for summary judgment. *See,e.g., Ceats, Inc.v. Continental Airlines*, No. 6:10cv120, 2011 WL 2971243, at *9 (E.D. Tex. Jul. 21, 2011); *Transport Truck & Traile, Inc. v. Freightliner LLC*, No. CV-06-282-S-BLW, 2007 WL 294280, at *5 (D. Idaho Jan 29, 2007).

proper termination, Defendant must show that Plaintiff failed to "maintain

the . . . [s]ystem in satisfactory operational condition[, including] a quality signal" and

that any signal issues were not beyond Plaintiff's control.  *Doc.* 46, Ex. B at 3.  Defendant

has failed for two independent reasons.

**Evidentiary Issue**

In support of the existence of "chronic service issues," Defendant cites only to the

answer of Adrian Perez to Plaintiff's Interrogatory No. 8.  *Doc. 46* at 5.  In that answer,

Mr. Perez, who is Defendant's Executive Vice President, "recalls notifying the regional

sales person of Plaintiff about 'chronic service issues in 2008.'"  *Doc. 46*, Ex. C at 2.  Mr.

Perez' interrogatory answer then asserts that Plaintiff was "informed by counsel for

[Defendant] in a phone call" about the various problems which are listed above.  *Id.*; *See

supra* at 6.

"[E]vidence must be admissible to be considered on summary judgment . . . ."

*Law Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009).  Federal Rule

of Civil Procedure 56(c)(2) states that a "party may object that the material cited to

support or dispute a fact cannot be presented in a form that would be admissible in

evidence."  Plaintiff has objected to Defendant's use of the answer to Interrogatory No.

8 as evidence to establish Plaintiff's failure to perform a material obligation.  *Doc. 47* at

2-3.  Plaintiff argues that the allegations contained therein are not based upon personal

knowledge and contain inadmissible hearsay.  *Id.*  Plaintiff's objection is merited.  At

best, Defendant's evidence establishes that Plaintiff was told about the listed problems. On the issue of notice, such evidence would be admissible.  However, given that Mr. Perez does not assert that he personally observed these problems, his testimony would be inadmissible to show that the problems actually occurred.

Given Plaintiff's facially valid objection to Defendant's evidence on this point, it falls to Defendant to "show that the material is admissible as presented or to explain the admissible form that is anticipated."  FED. R. CIV. P. 56, Adv. Comm. Notes (2010 Amendments).  Unfortunately, Defendant's argument in its Reply does not meet this burden.  While the Court imagines that facts may exist that would permit this evidence through some witness under Federal Rule of Evidence 803(6), nowhere in its Reply does Defendant present this argument.

Consequently, Defendant has not properly presented evidence to establish Plaintiff's failure to perform a material obligation.  As such, it cannot prevail on a summary judgment motion based upon proper termination.

**Genuine Issue of Material Fact**

Even assuming Defendant's evidence of the problems could be properly considered, it is apparent there exists a genuine issue of material fact that requires a jury.  Defendant claims that Plaintiff has failed to "maintain  the . . . [s]ystem in satisfactory operational condition[, including] a quality signal."  *Doc*. 46, Ex. B at 3.  In support, Defendant points to a number of alleged issues it has experienced over the

course of its dealings with Plaintiff.  *Doc. 46*, Ex. C at 2-3.  As described above, the frequency of any such problems is noted only with respect to the billing adjustments which were allegedly necessitated.  *Doc. 46*, Ex. C at 2 ("117 total billing adjustments" over approximately 19 months).  For example, Defendant alleges that the "system shuts off unexpectedly during a movie showing and the guest is unable to restart the system." *Id*.  Without knowing how often such problems occurred, it would be impossible for this Court to determine that any reasonable jury would definitely find that the alleged issues meant that Plaintiff had failed the broad contractual responsibility to "maintain the [system] in satisfactory operational condition."  *Doc.* 46, Ex. B at 3.  Consequently, summary judgment cannot be granted on the basis that Defendant properly terminated the contract.

**Conclusion**

Defendant has failed to meet its burden to establish that no genuine issue of material fact exists regarding whether it properly terminated the contract.  To establish a proper termination, Defendant must establish that Plaintiff failed to perform a material obligation under the contract.  Defendant has failed to present evidence of such a breach in admissible form, or to bear its burden to explain the admissible form of that evidence that Defendant anticipates.  Moreover, even if the evidence to which Defendant cites were admissible, the Court still would not have sufficient evidence before it to conclude that any reasonable jury must find that Plaintiff failed to perform a

material obligation under the contract.  Either of these rationales independently requires denial of Defendant's Motion.

Wherefore, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent